**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4014**

_____

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

     v.

FRANCIS MARIMO,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:13-cr-00106-FL-1)

_____

Submitted: September 23, 2014    Decided: September 25, 2014

_____

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

J. Michael McGuinness, THE MCGUINNESS LAW FIRM, Elizabethtown, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina; Alan James Phelps, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Francis Marimo pleaded guilty pursuant to a written plea agreement to two counts of odometer tampering, in violation of 49 U.S.C. §§ 32703(2), 32709(b) (2012). He received an eighteen-month sentence. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning whether Marimo's guilty plea was knowing and voluntary, the Fed. R. Crim. P. 11 hearing was adequate, the sentence imposed by the district court was reasonable, and ineffective assistance of counsel conclusively appears on the record. Marimo has not filed a pro se supplemental brief. The Government declined to file a response. We affirm.

Because Marimo did not move to withdraw his plea, we review his Rule 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Here, we find no error, as the district court fully complied with Rule 11 when accepting Marimo's plea. Given no indication to the contrary, we therefore find that Marimo's plea was knowing and voluntary, and, consequently, final and binding. See United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992).

Next we review Marimo's sentence for reasonableness using an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The court first reviews for significant

procedural error, and if the sentence is free from such error, we then consider substantive reasonableness. Id. at 51. Procedural error includes improperly calculating the Sentencing Guidelines range, treating the Guidelines range as mandatory, failing to consider the 18 U.S.C. § 3553(a) (2012) factors, and failing to adequately explain the selected sentence. Id. To adequately explain the sentence, the district court must make an "individualized assessment" by applying the relevant § 3553(a) factors to the case's specific circumstances. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). Substantive reasonableness is determined by considering the totality of the circumstances, and if the sentence is within the properly-calculated Guidelines range, this court applies a presumption of reasonableness. United States v. Strieper, 666 F.3d 288, 295 (4th Cir. 2012).

The district court heard argument from the parties, afforded Marimo an opportunity to allocute, and imposed a sentence of eighteen months—at the bottom of the Sentencing Guidelines range. The court expressly considered the § 3553(a) factors and rendered an individualized assessment in this case. The court stated that the sentence was sufficiently severe, but not greater than necessary, to punish the offense, to promote respect for the law, and discourage this type of conduct. We conclude that Marimo has not rebutted the presumption of

3

reasonableness and that the court did not abuse its discretion in imposing the chosen sentence.

Although counsel raised whether Marimo received ineffective assistance of counsel, he stated that he could find no evidence of ineffective assistance. Claims of ineffective assistance of counsel generally are not cognizable on direct appeal. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). However, ineffective assistance claims are cognizable on direct appeal if the record conclusively establishes ineffective assistance. Massaro v. United States, 538 U.S. 1690, 1693-94 (2003); United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). The record does not conclusively establish ineffective assistance of counsel.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Marimo's convictions and sentence. This court requires that counsel inform Marimo, in writing, of the right to petition the Supreme Court of the United States for further review. If Marimo requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Marimo. We dispense with oral argument because the facts and legal contentions are adequately presented in the

4

materials before this court and argument would not aid the decisional process.

AFFIRMED